JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GOCLEAR LLC, a California limited liability company

## DEFENDANTS
TARGET CORPORATION, a Minnesota corporation

(b) County of Residence of First Listed Plaintiff **San Francisco**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James L. Day, Esq.
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
415-391-0600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 365 Personal Injury - Product Liability | | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 640 R.R. & Truck | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY | 650 Airline Regs. | [X] 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 660 Occupational Safety/Health | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 690 Other | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | LABOR | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motion to Vacate Sentence | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment / Habeas Corpus: | | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations / 530 General | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | 790 Other Labor Litigation | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights / 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. sections 1114, 1125

Brief description of cause: trademark infringement

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: April 24, 2008
SIGNATURE OF ATTORNEY OF RECORD: /s/

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44

```
 1  LATHAM & WATKINS LLP
       Kenneth M. Fitzgerald (Bar No. 142505)
 2       kenneth.fitzgerald@lw.com
    600 West Broadway, Suite 1800
 3  San Diego, California 92101
    Telephone: (619) 236-1234
 4  Facsimile:  (619) 696-7419

 5     James L. Day (Bar No. 197158)
          jim.day@lw.com
 6     Tienlon Ho (Bar No. 240997)
          tienlon.ho@lw.com
 7  505 Montgomery Street, Suite 2000
    San Francisco, California 94111
 8  Telephone: (415) 391-0600
    Facsimile:  (415) 395-8095
 9
    Attorneys for Plaintiff
10  GOCLEAR LLC
```

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOCLEAR LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TARGET CORPORATION, a Minnesota corporation,<br><br>　　　　　Defendant. | CASE NO. CV 08 2134<br><br>**COMPLAINT FOR INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK; TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; AND VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　　Plaintiff GoClear LLC ("GoClear"), by and for its complaint against defendant Target Corporation ("Target"), alleges as follows:

## SUMMARY OF ACTION

　　　　　1.　　GoClear owns trademark rights to the marks CLEARX and THE CLEAR PRESCRIPTION, which have both been registered by the United States Patent and Trademark Office. GoClear has constructive priority in these registered marks as of late 2004, based on the filings of Intent to Use ("ITU") trademark applications at that time. On information and belief, Target learned of the applications and the resulting constructive priority dates that would exist once the applications matured into registrations shortly thereafter through its wholly owned

subsidiary Target Brands, Inc. Nevertheless, in 2005, Target adopted the confusingly similar mark CLEARRX (which may be read as "Clear Rx" or "Clear Prescription" among others) and used it to brand retail pharmacy services and newly designed medication bottles and labels offered in Target stores across the country. Now that the CLEARX and THE CLEAR PRESCRIPTION trademarks have been registered by the U.S. Patent and Trademark Office, Target's continued use of the CLEARRX mark constitutes infringement of GoClear's prior trademark rights and unfair competition under both federal and state law. Through this action, GoClear seeks injunctive relief to end Target's improper use of the CLEARRX mark and an award of all monetary relief available as a result of Target's improper use through and until the date the injunction is imposed.

## THE PARTIES

2. Plaintiff GoClear, is a California limited liability company, with its principal business address in San Francisco, California.

3. On information and belief, defendant Target is a Minnesota corporation with its principle executive offices in Minneapolis, Minnesota.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the asserted federal trademark infringement claims under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (original and exclusive jurisdiction over trademark actions as well as unfair competition claims joined with a substantial and related claim under the trademark laws), and over the remaining asserted claims under 28 U.S.C. §§ 1338(b) and 1367(a) (state law claims arising out of the same operative facts as the federal claims).

5. This Court has personal jurisdiction over Target because it conducts business in California, including in this judicial district, and because it committed the wrongs complained of herein in California, including in this judicial district, as well as elsewhere throughout the United States.

6. Venue in this district is proper under 28 U.S.C. § 1391(b), given that a substantial part of the events giving rise to this action occurred in this district. Among other

things, Target advertises under the infringing mark and uses it in connection with retail pharmacy services and products that it sells within this judicial district.

## BACKGROUND FACTS

7.  GoClear develops, markets, and sells skin care and beauty products. GoClear has developed and sells skin care products to the public in connection with the trademarks CLEARX and THE CLEAR PRESCRIPTION. These products address common skin conditions, including acne and blemishes, fine lines and wrinkles, hyperpigmentation, and photo-aging. GoClear offers its products for sale through third-party retailers and through its internet website www.goclear.com.

8.  GoClear was established by Alan R. Gottlieb, MD, MPH. Dr. Gottlieb has been a practicing physician for 30 years, was trained and board-certified in Family Practice, and is board-certified in Emergency Medicine.

9.  In 2004, Dr. Gottlieb decided to develop a new line of skin care products to address deficiencies he identified in then-available cosmetic and over-the-counter skin care products.

10. Dr. Gottlieb identified several marks that he intended to use in marketing his new line of products and filed several ITU trademark applications with the U.S. Patent and Trademark Office based on such an intention. Among others, Dr. Gottlieb filed an ITU trademark applications for the mark CLEARX on November 15, 2004 (App. No. 76978714) and the mark THE CLEAR PRESCRIPTION on December 29, 2004 (App. No. 76978713).

11. With the filing of these applications, Dr. Gottlieb made claim to constructive priority for the CLEARX and THE CLEAR PRESCRIPTION marks as of November 15, 2004 and December 29, 2004, respectively. Such constructive priority arises as a matter of law when the ITU trademark applications mature into trademark registrations.

12. From 2005 through early 2007, Dr. Gottlieb developed the formulation for his skin care products and, in 2006, established GoClear to commercialize those products. He licensed the marks covered by the ITU trademark applications to GoClear that same year.

13. GoClear introduced the first product in the skin care line under the

1  CLEARX and THE CLEAR PRESCRIPTION trademarks in June 2007.

2      14.  Dr. Gottlieb filed Statements of Use with the U.S. Patent and Trademark
3  Office in September 2007 for both marks. The CLEARX trademark (Reg. No. 3,414,941) and
4  THE CLEAR PRESCRIPTION trademark (Reg. No. 3,414,940) were both registered on April
5  22, 2008. Copies of the registration certificates are attached hereto as Exhibits A and B,
6  respectively.

7      15.  On April 23, 2008, Dr. Gottlieb assigned the CLEARX and THE CLEAR
8  PRESCRIPTION trademarks to GoClear. Thus, GoClear owns all rights to these two federally
9  registered trademarks.

10      16.  The federal registration of these trademarks constitutes prima facie
11  evidence that they are valid and that the owner, GoClear, is entitled to exclusive use of them in
12  commerce, throughout the United States, for pharmaceutical-grade skin care products.
13  Moreover, priority in these trademarks is based on their ITU trademark application filing dates
14  (*i.e.*, November 15, 2004 for CLEARX and December 29, 2004 for THE CLEAR
15  PRESCRIPTION).

16      17.  On information and belief, Target learned of Dr. Gottlieb's trademark
17  application and his intent to use the CLEARX mark in commerce no later than December 2004.
18  On information and belief, Target also learned of the application for THE CLEAR
19  PRESCRIPTION mark within several months of its filing.

20      18.  Target knew, or reasonably should have known, that the ITU trademark
21  applications filed by Dr. Gottlieb in late 2004 would establish constructive priority in those
22  marks upon the registration of those marks. Target also knew, or reasonably should have known,
23  that any use of a confusingly similar mark by Target would constitute trademark infringement
24  following the registration of the CLEARX and THE CLEAR PRESCRIPTIONS marks.

25      19.  Nevertheless, Target subsequently adopted and began using the
26  CLEARRX mark in connection with its pharmacy services and products, specifically including
27  new "ClearRx bottles" and "ClearRx labels." Indeed, Target filed an ITU trademark application
28  in early 2005 for CLEARRX in International Classes 016, 021, and 035 for "Paper labels,"

1  "Bottles for pharmaceuticals," and "Retail pharmacy services," respectively. The U.S. Patent
2  and Trademark Office issued an initial rejection of Target's application based on Dr. Gottlieb's
3  earlier-filed applications. The examining trademark attorney determined that there "may be a
4  likelihood of confusion" under federal trademark law between Target's CLEARRX mark and
5  Dr. Gottlieb's CLEARX and THE CLEAR PRESCRIPTION marks. The Target application was
6  subsequently suspended. It remains suspended.

7       20.    In addition to the ITU application leading to the federally registered
8  CLEARX trademark, Dr. Gottlieb filed another ITU application in early 2005 for the use of
9  CLEARX in connection with retail store services related to pharmaceutical-grade skin care
10 preparations, among other things. In response, Target, through its subsidiary, filed an opposition
11 to that later-filed application arguing that the claimed CLEARX mark is likely to cause
12 confusion with Target's CLEARRX mark. In other words, Target effectively conceded that
13 CLEARRX and CLEARX are confusingly similar marks.

14       21.    Indeed, the CLEARRX mark used by Target is confusingly similar to
15 GoClear's federally registered CLEARX and THE CLEAR PRESCRIPTION trademarks.
16 Consumer confusion between Target's and GoClear's marks is likely because, among other
17 things, the retail channels are the same or substantially overlap, the classes of purchasers are the
18 same, and retail pharmacy services are closely related to retail pharmacy products. Target has
19 stated publicly that its CLEARRX retail pharmacy services and products were designed
20 specifically to avoid consumer confusion. Yet Target adopted a mark that is likely to lead to
21 confusion, and it did so despite the earlier CLEARX and THE CLEAR PRESCRIPTION
22 trademark applications and the constructive priority that those marks would enjoy once
23 registered.

24                         **FIRST CAUSE OF ACTION**
25                   **(Trademark Infringement Under 15 U.S.C. § 1114)**

26       22.    The allegations of paragraphs 1 through 21 are incorporated herein by
27 reference.

28       23.    Plaintiff GoClear is the sole and exclusive owner of the CLEARX

1 | trademark (Reg. No. 3,414,941) and THE CLEAR PRESCRIPTION trademark
2 | (Reg. No. 3,414,940).

24. Target's continued use in commerce of the CLEARRX mark in connection with the sale, offering for sale, distribution, and advertising of Target's goods and services is likely to cause confusion, mistake, or deception among consumers.

25. As a result, Target's use constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Based on its knowledge of the ITU applications at issue, among other things, Target's acts of infringement are willful and deliberate.

26. Target's continued infringing conduct will cause GoClear damages in an amount to be proven at trial. Additionally, Target's infringing conduct has caused, and will continue to cause, irreparable harm to GoClear for which there is no adequate and complete remedy at law. Accordingly, GoClear is entitled to a preliminary and permanent injunction preventing Target from continuing its infringing activities.

## SECOND CAUSE OF ACTION

**(Trademark Infringement and Unfair Competition Under 15 U.S.C § 1125(a))**

27. The allegations of paragraphs 22 through 26 are incorporated herein by reference.

28. Target's continued use in commerce of the term CLEARRX is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Target with GoClear, or as to the origin, sponsorship, or approval of goods and services or commercial activities by Target.

29. As a result, Target's activities constitute willful and deliberate infringement of GoClear's trademarks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Target's continued infringing conduct will cause GoClear damages in an amount to be proven at trial. Additionally, Target's infringing conduct has caused, and will continue to cause, irreparable harm to GoClear for which there is no adequate and complete remedy at law. Accordingly, GoClear is entitled to a preliminary and permanent injunction

1  preventing Target from continuing its infringing activities.

## THIRD CAUSE OF ACTION

### (Unfair Competition Under California Bus. & Prof. Code § 17200, *et seq.*)

31. The allegations of paragraphs 27 through 30 are incorporated herein by reference.

32. By engaging in the conduct alleged herein, defendant Target has engaged, and is continuing to engage, in business practices that are unlawful, unfair, or fraudulent, in violation of California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* Among other things, Target's use of the mark CLEARRX violates Sections 32 and 43(a) of the Lanham Act and is likely to lead to confusion of California consumers.

33. Target's continued infringing conduct will cause GoClear damages in an amount to be proven at trial. Additionally, Target's infringing conduct has caused, and will continue to cause, irreparable harm to GoClear for which there is no adequate and complete remedy at law. Accordingly, GoClear is entitled to a preliminary and permanent injunction preventing Target from continuing its improper activities.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff GoClear prays for judgment as follows against defendant Target:

1. For a preliminary and permanent injunction restraining and enjoining Target, its agents, employees, attorneys, servants, subsidiaries, successors, assigns, representatives, and any persons or entities in active concert or participation with Target, from:

    a. advertising, selling, or distributing any products in connection with the CLEARRX mark; or

    b. using in any manner in connection with the sale of products, services, or any associated activities, the CLEARRX mark or any marks, words, or names, similar to the CLEARX or THE CLEAR PRESCRIPTION registered trademarks, that are likely to cause confusion, mistake, or to deceive;

2. For a permanent injunction requiring seizure and destruction of all

1 | infringing marketing and advertising materials, as well as requiring Target to publish notice to all
2 | persons who may have been confused, misled, or deceived by its misconduct;

3. For a permanent injunction ordering Target, its agents, employees, attorneys, servants, subsidiaries, successors, assigns, representatives, and any persons or entities in active concert or participation with Target to withdraw all applications pending with the U.S. Patent and Trademark Office for the mark CLEARRX and any other marks, similar to the CLEARX or THE CLEAR PRESCRIPTION registered trademarks, that are likely to cause confusion, mistake, or to deceive;

4. For a permanent injunction ordering Target, its agents, employees, attorneys, servants, subsidiaries, successors, assigns, representatives, and any persons or entities in active concert or participation with Target from using any internet domain names registered to them that include the nomenclature CLEARX, CLEARRX, or any words, marks, or names, similar to the CLEARX or THE CLEAR PRESCRIPTION registered trademarks, that are likely to cause confusion, mistake, or to deceive;

5. For general, special, actual, and statutory damages in an amount to be determined at trial, including though not limited to any lost profits, the cost of corrective advertising, and a reasonable royalty;

6. For treble damages;

7. For an accounting of revenues and profits Target derived from it misconduct by which it was unjustly enriched;

8. For restitution and disgorgement of said profits;

9. For costs of suit including attorney fees incurred as a result of this action;

10. For prejudgment interest on any award; and

11. For such other relief as the Court deems just and proper.

Dated: April 24, 2008

LATHAM & WATKINS LLP

By: _____
James L. Day
Attorneys for Plaintiff
GOCLEAR LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, plaintiff GoClear LLC demands a trial by jury in this action.

Dated: April 24, 2008

LATHAM & WATKINS LLP

By: /s/ James L. Day
James L. Day
Attorneys for Plaintiff
GOCLEAR LLC

# EXHIBIT A

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,414,941
Registered Apr. 22, 2008

TRADEMARK
PRINCIPAL REGISTER

# CLEARX

GOTTLIEB, ALAN RUSS (UNITED STATES INDIVIDUAL)
45 SANDERS RANCH ROAD
MORAGA, CA 94556

FOR: PHARMACEUTICAL GRADE SKIN CARE PREPARATION, NAMELY, MEDICATED SKIN LOTION FOR TREATMENT OF ACNE, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6-11-2007; IN COMMERCE 6-27-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 76-978,714, FILED 11-15-2004.

YONG KIM, EXAMINING ATTORNEY

# EXHIBIT B

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,414,940
Registered Apr. 22, 2008

## TRADEMARK
### PRINCIPAL REGISTER

## THE CLEAR PRESCRIPTION

GOTTLIEB, ALAN RUSS (UNITED STATES INDIVIDUAL)
45 SANDERS RANCH ROAD
MORAGA, CA 94556

FOR: PHARMACEUTICAL GRADE SKIN CARE PREPARATION, NAMELY, MEDICATED SKIN LOTION FOR TREATMENT OF ACNE, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6-11-2007; IN COMMERCE 6-27-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PRESCRIPTION" AS TO THE CLASS 5 GOODS, APART FROM THE MARK AS SHOWN.

SN 76-978,713, FILED 12-29-2004.

YONG KIM, EXAMINING ATTORNEY




# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

GOCLEAR LLC, a California limited liability company,

      Plaintiff,

      v.

TARGET CORPORATION, a Minnesota corporation,

      Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

CV 08 2134 JCS

TO: (Name and address of defendant)
TARGET CORPORATION, 1000 NICOLLET MALL TPN-0945, MINNEAPOLIS, MN 55403

Agent for Service of Process:
C T CORPORATION SYSTEM
818 WEST SEVENTH ST
LOS ANGELES, CA 90017

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

James L. Day, Esq.
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone:  415-391-0600
Facsimile:  415-395-8095

an answer to the complaint which is herewith served upon you, within  20  days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

Helen L. Almacen

(BY) DEPUTY CLERK

DATE  APR 24 2008

NDCAO440