JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
KIMBERLY L. TAYLOR (CA SBN 240483)
KTaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ATTORNEYS FOR DEFENDANT
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOCLEAR LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION, a Minnesota corporation, <br><br> Defendant. | Case No. C 08-02134 (JCS) <br><br> **TARGET CORPORATION'S ANSWER AND COUNTERCLAIM** <br><br> **DEMAND FOR JURY TRIAL** |

ANSWER AND COUNTERCLAIM; DEMAND FOR JURY TRIAL
Case No. C 08-02134 (JCS)
sf-2515118

As its Answer to the Complaint of plaintiff GoClear LLC (the "Complaint"), defendant Target Corporation ("Target") makes the following answers, statements and allegations. Except as hereinafter expressly admitted, qualified, or otherwise answered, Target denies each and every allegation and assertion made in the Complaint.

## ANSWER

### (Summary of Action)

1. Answering paragraph 1 of the Complaint, Target admits that the marks CLEARX and THE CLEAR PRESCRIPTION are the subject of United States Trademark Registration Nos. 3,414,941 and 3,414,940 respectively, and that assignments of those registrations to GoClear LLC ("GoClear") were recorded in the United States Patent and Trademark Office. Target denies the remaining allegations of paragraph 1 of the Complaint.

### (The Parties)

2. Target admits the allegations of paragraph 2 of the Complaint on information and belief.

3. Target admits the allegations of paragraph 3 of the Complaint.

### (Jurisdiction and Venue)

4. Target admits the allegations of paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, Target admits that this Court has personal jurisdiction over Target for purposes of this action. Target denies the remaining allegations of paragraph 5 of the Complaint.

6. Target denies the allegations of paragraph 6 of the Complaint, but states that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (c).

### (Background Facts)

7. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

1  9. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, except states that Application Serial Nos. 76978714 and 76978713 speak for themselves.

11. Answering paragraph 11 of the Complaint, Target states that Application Serial No. 7698714 for the mark CLEARX and 76978713 for the mark THE CLEAR PRESCRIPTION each speak for themselves.

12. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Answering paragraph 14 of the Complaint, Target states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 14 of the Complaint. Target admits that Trademark Registration Nos. 3,414,941 and 3,414,940 were issued on April 22, 2008. Target further states that the documents attached to the Complaint as Exhibits A and B also speak for themselves.

15. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 15 of the Complaint. Target denies the allegations of the second sentence of paragraph 15 of the Complaint.

16. Target denies the allegations of the first sentence of paragraph 16 of the Complaint. Target further states that Registration Nos. 3,414,941 and 3,414,940 speak for themselves.

17. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Target denies the allegations of paragraph 18 of the Complaint.

19. Answering paragraph 19 of the Complaint, Target admits that it adopted and is using the mark CLEARRX in connection with retail pharmacy services. Target further states that

1  Application Serial No. 78555115 for registration of the mark CLEARRX, and the prosecution

2  history associated therewith, speaks for itself.

3        20.     Answering paragraph 20 of the Complaint, Target states that Plaintiff's application

4  in the United States Patent and Trademark Office for registration of the mark CLEARX, and the

5  prosecution history associated therewith, speaks for itself. Target admits that Target's subsidiary,

6  Target Brands, Inc. ("TBI"), filed in the United States Patent and Trademark Office Opposition

7  No. 91171714, opposing registration of the mark CLEARX that is the subject of Application

8  Serial No. 78/566,136 to the extent of the services within International Class 35. Target denies

9  the allegations of the third sentence of paragraph 20 of the Complaint.

10        21.     Target denies the allegations of paragraph 21 of the Complaint.

**(First Cause of Action)**

12        22.     Answering paragraph 22 of the Complaint, Target incorporates by reference the

13  paragraphs above.

14        23.     Target denies the allegations of paragraph 23 of the Complaint.

15        24.     Target denies the allegations of paragraph 24 of the Complaint.

16        25.     Target denies the allegations of paragraph 25 of the Complaint.

17        26.     Target denies the allegations of paragraph 26 of the Complaint.

**(Second Cause of Action)**

19        27.     Answering paragraph 27 of the Complaint, Target incorporates by reference the

20  paragraphs above.

21        28.     Target denies the allegations of paragraph 28 of the Complaint.

22        29.     Target denies the allegations of paragraph 29 of the Complaint.

23        30.     Target denies the allegations of paragraph 30 of the Complaint.

**(Third Cause of Action)**

25        31.     Answering paragraph 31 of the Complaint, Target incorporates by reference the

26  paragraphs above.

27        32.     Target denies the allegations of paragraph 32 of the Complaint.

28        33.     Target denies the allegations of paragraph 33 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim against Target upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's trademark registrations are invalid and unenforceable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, may have been caused by Plaintiff's own conduct and/or failure to mitigate damages, or by others beyond the control of Target.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered injury in fact and has not lost money or property as a result of any alleged unfair competition.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred by the competition privilege.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any injunctive or equitable relief because it will not suffer irreparable harm.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any injunctive or equitable relief because it has an adequate remedy at law.

WHEREFORE, Target respectfully prays that the Court enter a judgment:

(a) Dismissing Plaintiff's claims against Target Corporation with prejudice and on the merits;

(b) Awarding Target Corporation its costs of suit herein;

1      (c)    Awarding Target Corporation such attorneys' fees as may be allowed by

2  applicable law; and

3      (d)    Awarding Target Corporation such other relief as the Court may deem just and

4  equitable under the circumstances.

## COUNTERCLAIMS

6  For its Counterclaims against plaintiff and counterclaim defendant GoClear LLC, Target

7  states and alleges as follows:

## FIRST COUNTERCLAIM

9      1.    Target seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing

10 the cancellation of United States Trademark Registration No. 3,414,941.

11     2.    Target Corporation is a corporation organized and existing under the laws of the

12 State of Minnesota, with a principal place of business located at 1000 Nicollet Mall, Minneapolis,

13 Minnesota.

14     3.    On information and belief, counterclaim defendant GoClear is a California limited

15 liability company, with its principal place of business in San Francisco, California.

16     4.    The Court has subject matter jurisdiction over this Counterclaim pursuant to

17 15 U.S.C. §§ 1119 and 1121. GoClear has, by commencing this action in this Court, consented to

18 personal jurisdiction of and venue in this Court.

19     5.    GoClear has in this action alleged that it is the owner of all rights in United States

20 Trademark Registration No. 3,414,941 (the "'941 Registration").

21     6.    The above-captioned action involves the '941 Registration.

22     7.    In view of GoClear's allegations in the above-captioned action, including

23 GoClear's allegation that Target has infringed the '941 Registration, Target believes that it is or

24 will be damaged by the continued registration of the '941 Registration.

25     8.    Target's subsidiary TBI is the owner of Application Serial No. 77/059,096, a use-

26 based application filed on December 7, 2006, for the mark CLEAR X for use in connection with

27 non-medicated skin care products, namely, acne treatment solution comprising a skin nutrifier,

28 toner, moisturizer, anti-oxidant moisturizer, and collagen builder moisturizer.

ANSWER AND COUNTERCLAIM; DEMAND FOR JURY TRIAL     5
Case No. C 08-02134 (JCS)
sf-2515118

1      9.      TBI's predecessor in interest has since at least as early as February 28, 2004, used the mark CLEAR X in the United States in connection with non-medicated skin care products, namely, acne treatment solution comprising a skin nutrifier, toner, moisturizer, anti-oxidant moisturizer, and collagen builder moisturizer.

10.     TBI's CLEAR X mark has not been abandoned.

11.     The intent-to-use application that matured into the '941 Registration was filed on November 15, 2004.

12.     Upon information and belief, GoClear and/or its principal Russ Alan Gottlieb first used the mark CLEARX in connection with pharmaceutical grade skin care preparation, namely, medicated skin lotion for treatment of acne, in June 2007.

13.     The CLEARX mark that is the subject of the '941 Registration so resembles TBI's CLEAR X mark as to be likely, when used on or in connection with the goods identified in the '941 Registration to cause confusion, or to cause mistake, or to deceive.

14.     On April 22, 2008, TBI filed a petition for cancellation of the '941 Registration in the United States Patent and Trademark Office.

15.     Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Target is entitled to an order for the cancellation of the '941 Registration.

## SECOND COUNTERCLAIM

16.     Target incorporates the allegations of paragraphs 1 through 15, as if fully set forth herein.

17.     Target seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 3,414,940.

18.     GoClear has in this action alleged that it is the owner of all rights in United States Trademark Registration No. 3,414,940 (the "'940 Registration").

19.     The above-captioned action involves the '940 Registration.

20.     In view of GoClear's allegations in the above-captioned action, including GoClear's allegation that Target has infringed the '940 Registration, Target believes that it is or will be damaged by the continued registration of the '940 Registration.

ANSWER AND COUNTERCLAIM; DEMAND FOR JURY TRIAL     6
Case No. C 08-02134 (JCS)
sf-2515118

21. Target's subsidiary TBI is the owner of Application Serial No. 77/059,096, a use-based application filed on December 7, 2006, for the mark CLEAR X for use in connection with non-medicated skin care products, namely, acne treatment solution comprising a skin nutrifier, toner, moisturizer, anti-oxidant moisturizer, and collagen builder moisturizer.

22. TBI's predecessor in interest has since at least as early as February 28, 2004, used the mark CLEAR X in the United States in connection with non-medicated skin care products, namely, acne treatment solution comprising a skin nutrifier, toner, moisturizer, anti-oxidant moisturizer, and collagen builder moisturizer.

23. TBI's CLEAR X mark has not been abandoned.

24. The intent-to-use application that matured into the '940 Registration was filed on December 29, 2004.

25. Upon information and belief, GoClear and/or its principal Russ Alan Gottlieb first used the mark CLEARX in connection with pharmaceutical grade skin care preparation, namely, medicated skin lotion for treatment of acne, in June 2007.

26. In response to a determination by the United States Patent and Trademark Office Examining Attorney that the term PRESCRIPTION is merely descriptive of GoClear's medicated skin lotion for treatment of acne, GoClear's principal, Dr. Gottlieb, agreed to disclaim the descriptive term PRESCRIPTION to permit the application to be approved for publication. The disclaimer of the term PRESCRIPTION left THE CLEAR as the "dominant portion" of the mark for purposes of the likelihood of confusion analysis under trademark law. The THE CLEAR portion of the THE CLEAR PRESCRIPTION mark that is the subject of the '940 Registration so resembles TBI's CLEAR X mark as to be likely, when used on or in connection with the goods identified in the '940 Registration to cause confusion, or to cause mistake, or to deceive.

27. Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Target is entitled to an order for the cancellation of the '940 Registration.

### THIRD COUNTERCLAIM

28. Target incorporates the allegations of paragraphs 1 through 27, as if fully set forth herein.

29. Target seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of the '940 Registration.

30. GoClear has in this action alleged that it is the owner of all rights in the '940 Registration for THE CLEAR PRESCRIPTION.

31. The phrase "THE CLEAR PRESCRIPTION" is merely descriptive of GoClear's medicated skin lotion for treatment of acne.

32. In response to a determination by the Examining Attorney that the term PRESCRIPTION is descriptive of GoClear's medicated skin lotion for treatment of acne, GoClear's principal, Dr. Gottlieb, agreed to disclaim the descriptive term PRESCRIPTION to permit the application to be approved for publication. The remaining elements of GoClear's THE CLEAR PRESCRIPTION registration are equally descriptive: the intended effect of using GoClear's medicated skin lotion for treatment of acne is to clear up acne in order to attain clear skin, so the term CLEAR is descriptive of the product, while the sole remaining term is the non-distinguishing common article THE. A term is considered merely descriptive if it describes the intended effect or result of using a product. Descriptive terms are not registrable absent a showing of secondary meaning, which requires evidence that consumers associated the term with a single source for a product prior to the filing of the trademark application.

33. Dr. Gottlieb filed the application for THE CLEAR PRESCRIPTION on December 29, 2004, based upon an alleged intent to use the mark in commerce. Dr. Gottlieb subsequently filed a statement of use alleging that he first began using the mark in June 2007. Because Dr. Gottlieb did not even commence use of the mark until two and one half years after he filed the application, Dr. Gottlieb will not be able to establish that consumers had come to associate the phrase THE CLEAR PRESCRIPTION solely with the his product as of the filing date of the application.

34. Because THE CLEAR PRESCRIPTION is descriptive of GoClear's medicated skin lotion for treatment of acne, and because GoClear cannot establish that the mark had acquired secondary meaning prior to the filing date of the application, the '940 Registration is invalid and unenforceable.

1  35. Target therefore seeks a declaration that the '940 Registration for THE CLEAR
2  PRESCRIPTION for "pharmaceutical grade skin care preparation, namely, medicated skin lotion
3  for treatment of acne" is invalid and unenforceable because it is merely descriptive and has not
4  acquired secondary meaning.  Target also asks this Court to direct the U.S. Patent and Trademark
5  Office to cancel the '940 Registration and remove it from the Principal Register of the U.S. Patent
6  and Trademark Office.

7  36. Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Target is entitled to an order for the
8  cancellation of the '940 Registration.

10  WHEREFORE, Target respectfully prays that the Court enter a judgment:
11  (a) Ordering the cancellation of United States Trademark Registration Nos. 3,414,941
12  and 3,414,940 pursuant to 15 U.S.C. § 1119;
13  (b) Certifying the order of cancellation of United States Trademark Registration
14  Nos. 3,414,941 and 3,414,940 to the Director of the United States Patent and Trademark Office
15  pursuant to 15 U.S.C. § 1119;
16  (c) Awarding Target its costs of suit herein;
17  (d) Awarding Target such attorneys' fees as may be allowed by applicable law; and

(e)   Awarding Target such other relief as the Court may deem just and equitable under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6, Target demands a trial by jury in this action.

Dated:   May 15, 2008

JENNIFER LEE TAYLOR
KIMBERLY L. TAYLOR
MORRISON & FOERSTER LLP


By:  /s/ Jennifer Lee Taylor
        Jennifer Lee Taylor

ATTORNEYS FOR DEFENDANT
TARGET CORPORATION

ANSWER AND COUNTERCLAIM; DEMAND FOR JURY TRIAL
Case No. C 08-02134 (JCS)
sf-2515118

10