LATHAM & WATKINS LLP
   Kenneth M. Fitzgerald (Bar No. 142505)
    *kenneth.fitzgerald@lw.com*
600 West Broadway, Suite 1800
San Diego, California  92101
Telephone: (619) 236-1234
Facsimile:  (619) 696-7419

   James L. Day (Bar No. 197158)
    *jim.day@lw.com*
   Tienlon Ho (Bar No. 240997)
    *tienlon.ho@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone: (415) 391-0600
Facsimile:  (415) 395-8095

Attorneys for Plaintiff
GOCLEAR LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOCLEAR LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION, a Minnesota corporation,<br><br>            Defendant. | CASE NO. CV 08-02134 MMC<br><br>**PLAINTIFF GOCLEAR LLC'S ANSWER TO COUNTERCLAIMS OF TARGET CORPORATION IN RESPONSE TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff and counterclaim defendant GoClear LLC ("GoClear") answers the counterclaims of defendant and counterclaimant Target Corporation ("Target") asserted in response to the Complaint as follows:

### ANSWER TO COUNTERCLAIMS

### FIRST COUNTERCLAIM

   1.   GoClear admits that Target has filed a counterclaim in this action seeking a judicial declaration directing the cancellation of United States Trademark Registration No. 3,414,941.  Except as expressly admitted, the allegations of paragraph 1 of Target's counterclaims are denied.

2.    GoClear is without knowledge or information sufficient to admit or deny the allegations of paragraph 2 of Target's counterclaims and on that basis denies the allegations contained therein.

3.    GoClear admits the allegations of paragraph 3 of Target's counterclaims.

4.    GoClear admits the allegations of paragraph 4 of Target's counterclaims.

5.    GoClear admits the allegations of paragraph 5 of Target's counterclaims.

6.    GoClear admits the allegations of paragraph 6 of Target's counterclaims.

7.    GoClear is without knowledge or information sufficient to admit or deny the allegations of paragraph 7 of Target's counterclaims and on that basis denies the allegations contained therein.

8.    GoClear is without knowledge or information sufficient to admit or deny the allegations of paragraph 8 of Target's counterclaims and on that basis denies the allegations contained therein.

9.    GoClear is without knowledge or information sufficient to admit or deny the allegations of paragraph 9 of Target's counterclaims and on that basis denies the allegations contained therein.

10.    GoClear is without knowledge or information sufficient to admit or deny the allegations of paragraph 10 of Target's counterclaims and on that basis denies the allegations contained therein.

11.    GoClear admits the allegations in paragraph 11 of Target's counterclaims.

12.    GoClear admits that the CLEARX mark was first used by Alan R. Gottlieb, MD, or his related company, licensee, or predecessor in interest at least as early as June 11, 2007, and first used in commerce at least as early as June 27, 2007 on or in connection with pharmaceutical grade skin care preparation, namely, medicated skin lotion for treatment of acne in International Class 5.  Except as expressly admitted, the allegations of paragraph 12 of Target's counterclaims are denied.

13.    GoClear is without knowledge or information sufficient to admit or deny the allegations of paragraph 13 of Target's counterclaims and on that basis denies the allegations

1    contained therein.

2    14.    GoClear admits the allegations of paragraph 14 of Target's counterclaims.

3    15.    GoClear denies the allegations of paragraph 15 of Target's counterclaims.

### SECOND COUNTERCLAIM

16.    In answering paragraph 16 of Target's counterclaims, GoClear incorporates by reference paragraphs 1 to 15 above.

17.    GoClear admits that Target has filed a counterclaim in this action seeking a judicial declaration directing the cancellation of United States Trademark Registration No. 3,414,940. Except as expressly admitted, the allegations of paragraph 17 of Target's counterclaims are denied.

18.    GoClear admits the allegations of paragraph 18 of Target's counterclaims.

19.    GoClear admits the allegations of paragraph 19 of Target's counterclaims.

20.    GoClear is without knowledge or information sufficient to admit or deny the allegations of paragraph 20 of Target's counterclaims and on that basis denies the allegations contained therein.

21.    GoClear is without knowledge or information sufficient to admit or deny the allegations of paragraph 21 of Target's counterclaims and on that basis denies the allegations contained therein.

22.    GoClear is without knowledge or information sufficient to admit or deny the allegations of paragraph 22 of Target's counterclaims and on that basis denies the allegations contained therein.

23.    GoClear is without knowledge or information sufficient to admit or deny the allegations of paragraph 23 of Target's counterclaims and on that basis denies the allegations contained therein.

24.    GoClear admits the allegations of paragraph 24 of Target's counterclaims.

25.    GoClear admits that the CLEARX mark was first used by Alan R. Gottlieb, MD, or his related company, licensee, or predecessor in interest at least as early as June 11, 2007, and first used in commerce at least as early as June 27, 2007 on or in connection with pharmaceutical

1  grade skin care preparation, namely, medicated skin lotion for treatment of acne in International
2  Class 5.  Except as expressly admitted, the allegations of paragraph 25 of Target's counterclaims
3  are denied.

4        26.     GoClear avers that the written communications between the United States Patent
5  and Trademark office and Alan R. Gottlieb, MD in connection with the trademark application
6  that matured into Registration No. 3,414,940 speak for themselves.  Except as so averred,
7  GoClear is without knowledge or information sufficient to admit or deny the allegations of
8  paragraph 26 of Target's counterclaims and on that basis denies the allegations contained therein.

9        27.     GoClear denies the allegations of paragraph 27 of Target's counterclaims.

## THIRD COUNTERCLAIM

11        28.     In answering paragraph 28 of Target's counterclaims, GoClear incorporates by
12  reference paragraphs 1 to 27 above.

13        29.     GoClear admits that Target has filed a counterclaim in this action seeking a
14  judicial declaration directing the cancellation of United States Trademark Registration
15  No. 3,414,940.  Except as expressly admitted, the allegations of paragraph 29 of Target's
16  counterclaims are denied.

17        30.     GoClear admits the allegations of paragraph 30 of Target's counterclaims.

18        31.     GoClear denies the allegations of paragraph 31 of Target's counterclaims.

19        32.     GoClear avers that the written communications between the United States Patent
20  and Trademark office and Alan R. Gottlieb, MD in connection with the trademark application
21  that matured into Registration No. 3,414,940 speak for themselves.  GoClear denies that the
22  mark "THE CLEAR PRESCRIPTION," Registration No. 3,414,940, is merely descriptive of
23  GoClear's medicated skin lotion for treatment of acne.  Except as so averred and denied,
24  GoClear is without knowledge or information sufficient to admit or deny the allegations of
25  paragraph 32 of Target's counterclaims and on that basis denies the allegations contained therein.

26        33.     GoClear avers that the trademark application that matured into Registration
27  No. 3,414,940 and the statement of use filed in connection with that trademark application speak
28  for themselves.  Except as so averred, GoClear is without knowledge or information sufficient to

admit or deny the allegations of paragraph 33 of Target's counterclaims and on that basis denies the allegations contained therein.

34.  GoClear denies the allegations of paragraph 34 of Target's counterclaims.

35.  GoClear admits that Target has filed a counterclaim in this action seeking a judicial declaration that United States Trademark Registration No. 3,414,940 is invalid and unenforceable and a judicial declaration directing the cancellation of United States Trademark Registration No. 3,414,940.  Except as expressly admitted, the allegations of paragraph 35 of Target's counterclaims are denied.

36.  GoClear denies the allegations of paragraph 36 of Target's counterclaims.

### PRAYER FOR RELIEF

In response to Target's prayer for relief, GoClear denies that Target is entitled to any of the relief sought.

### DEFENSES

GoClear asserts the following defenses, each as separate and distinct defenses to Target's alleged counterclaims.  Insofar as any of the following expresses denial of an element of the counterclaims, or any of them, alleged against GoClear, such expression is in no way intended as a concession that Target is relieved of its burden to prove each and every element of any such counterclaim.  GoClear does not assume the burden of proof on any defense asserted that is not an affirmative defense whether listed here or not.

### First Defense

Target's counterclaims fail to state a cause of action.

### Second Defense

Target lacks standing to seek the relief requested through its counterclaims.

### Third Defense

Target's counterclaims are barred because of the superior legal rights arising from Registration No. 3,414,940 and Registration No. 3,414,941 and the intent to use trademark applications that matured into those registered trademarks.

### Fourth Defense

Target's counterclaims are barred based on fraud committed on the United States Patent and Trademark Office.

### Fifth Defense

Target's counterclaims are barred based on the doctrine of unclean hands.

### Sixth Defense

Target's counterclaims are barred based on the doctrine of estoppel.

### Seventh Defense

Target's counterclaims are barred based on the doctrine of acquiescence.

### Eighth Defense

Target's counterclaims are barred because its alleged damages were caused by Target's own conduct and failure to mitigate damages or by others' conduct and failure to mitigate damages that were beyond the control of GoClear.

\*   \*   \*

GoClear has not knowingly or intentionally waived any applicable defenses, and GoClear reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter.  GoClear reserves the right to amend or seek to amend its answer and defenses to Target's counterclaims.

WHEREFORE, plaintiff and counterclaim defendant GoClear requests that judgment be entered in favor of GoClear and against Target in connection with Target's counterclaims, that GoClear be awarded its costs and attorney fees to the extent permitted by law, and that the Court grant such other relief it deems just and proper.

**JURY DEMAND**

GoClear demands a trial by jury on all issues so triable.

Dated: June 9, 2008

Respectfully submitted,

LATHAM & WATKINS LLP

By: _____/s/ James L. Day_____
James L. Day
Attorneys for Plaintiff
GOCLEAR LLC