1  LATHAM & WATKINS LLP
   Kenneth M. Fitzgerald (Bar No. 142505)
2  *kenneth.fitzgerald@lw.com*
   600 West Broadway, Suite 1800
3  San Diego, California  92101
   Telephone: (619) 236-1234
4  Facsimile:  (619) 696-7419

5  James L. Day (Bar No. 197158)
   *jim.day@lw.com*
6  Tienlon Ho (Bar No. 240997)
   *tienlon.ho@lw.com*
7  505 Montgomery Street, Suite 2000
   San Francisco, California  94111
8  Telephone: (415) 391-0600
   Facsimile:  (415) 395-8095
9
   Attorneys for Plaintiff
10 GOCLEAR LLC

11 MORRISON & FOERSTER LLP
12 Jennifer Lee Taylor (Bar No. 161368)
   *JTaylor@mofo.com*
13 Kimberly L. Taylor (Bar No. 240483)
   *KTaylor@mofo.com*
14 425 Market Street
   San Francisco, California 94105-2482
15 Telephone: (415) 268-7000
   Facsimile: (415) 268-7522
16
17 Attorneys for Defendant
   TARGET CORPORATION
18
19                    UNITED STATES DISTRICT COURT

20                    NORTHERN DISTRICT OF CALIFORNIA

21 GOCLEAR LLC, a California limited          CASE NO. CV 08-02134 MMC
   liability company,
22                                            **JOINT CASE MANAGEMENT STATEMENT**
                    Plaintiff,
23
          v.
24
   TARGET CORPORATION, a Minnesota
25 corporation,
26                  Defendant.
27
28

1    On June 27, 2008, counsel for plaintiff GoClear LLC and counsel for defendant Target

2  Corporation met and conferred pursuant to Federal Rule of Civil Procedure 26(f).  The parties

3  now submit this Joint Case Management Statement.

4       **1.    Jurisdiction and Service**

5    The Court has subject matter jurisdiction over the asserted federal trademark claims

6  under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (original and exclusive

7  jurisdiction over trademark actions as well as unfair competition claims joined with a substantial

8  and related claim under the trademark laws), and over the remaining asserted claims under 28

9  U.S.C. §§ 1338(b) and 1367(a) (state law claims arising out of the same operative facts as the

10  federal claims).

11    Neither personal jurisdiction nor venue is disputed.

12    Defendant Target Corporation has been served.  There are no parties to this lawsuit

13  remaining to be served.

14       **2.    Facts**

15    Plaintiff GoClear asserts that it owns trademark rights to the marks CLEARX and THE

16  CLEAR PRESCRIPTION, which have both been registered by the United States Patent and

17  Trademark Office, for acne preparations.  GoClear started using these marks for acne

18  preparations in June 2007, but claims constructive priority in these registered marks as of

19  November 15, 2004 (CLEARX) and December 29, 2004 (THE CLEAR PRESCRIPTION) based

20  on the filing dates of intent to use trademark applications for those marks.

21    Target has used the mark CLEARRX since 2005 in connection with retail pharmacy

22  services offered in Target stores across the country.

23    GoClear claims in its complaint that Target's use of the CLEARRX mark is confusingly

24  similar to its CLEARX and THE CLEAR PRESCRIPTION mark and that Target's use of the

25  CLEARRX mark (which GoClear asserts may be read as "Clear Rx" or "Clear Prescription"

26  among others) constitutes infringement of GoClear's trademark rights and unfair competition

27  under both federal and state law.  GoClear seeks injunctive relief to stop Target's use of the

28

1

CLEARRX mark as well as monetary relief.

In its answer, Target responds that its use of CLEARRX for pharmacy and retail services does not infringe GoClear's rights in the CLEARX mark for acne preparations because there is no likelihood of confusion.  Target also filed counterclaims to cancel GoClear's CLEARX and THE CLEAR PRESCRIPTION marks.

Target asserts that it owns prior rights to the CLEAR X mark for use in connection with non-medicated skin products, including an acne treatment solution comprising a skin nutrifier, toner, moisturizer, anti-oxidant moisturizer, and collagen builder moisturizer.  Target asserts that its predecessor in interest has been using the CLEAR X mark for its skin care line, including acne products, since at least as early as February 28, 2004.  Target therefore asserts that it has prior use of the CLEAR X mark and has asserted counterclaims to cancel GoClear's CLEARX and THE CLEAR PRESCRIPTION registrations on the basis that they are invalid in light of Target's prior rights in the CLEAR X mark.  Target has also asserted a counterclaim to cancel GoClear's registration for THE CLEAR PRESCRIPTION on the grounds that the mark should not have been registered on the Principal Register in the United States Patent and Trademark Office because the mark is merely descriptive.

If GoClear's registrations for THE CLEAR PRESCRIPTION and CLEARX are cancelled, it cannot claim constructive priority in these marks as of the November 15, 2004 and December 29, 2004 dates and instead would have to rely for priority on its actual use of the marks beginning in June 2007.

**3.    Legal Issues**

The following legal issues are central to this dispute:

(1)    Whether GoClear has any valid rights in the CLEARX and THE CLEAR PRESCRIPTION marks that are senior to Target's rights in the CLEARRX mark;

(2)    Whether Target's use of the CLEARRX mark constitutes trademark infringement and unfair competition;

(3)    Whether any infringement by Target of the CLEARX and THE CLEAR

2

1   PRESCRIPTION marks is willful;

2          (4)    Whether GoClear has been damaged by Target's use of the CLEARRX mark;

3          (5)    Whether GoClear's THE CLEAR PRESCRIPTION mark is descriptive;

4          (6)    Whether GoClear's claims are barred by GoClear's unclean hands;

5          (7)    Whether GoClear's trademark registrations for CLEARX and THE CLEAR

6   PRESCRIPTION are invalid and unenforceable;

7          (8)    Whether GoClear caused itself any damages that it claims to have suffered;

8          (9)    Whether GoClear failed to mitigate any damages it claims to have suffered;

9          (10)   Whether GoClear will suffer irreparable harm if Target continues to use the

10  CLEARRX mark for pharmacy services;

11         (11)   Whether Target has any valid rights in the CLEAR X mark; and

12         (12)   Whether Target's counterclaims are barred by alleged fraud on the patent office,

13  unclean hands, estoppel, or acquiescence.

14  **4.     Motions**

15  GoClear's Statement:

16         Plaintiff GoClear believes that a motion for summary judgment as to liability or as to

17  Target's counterclaims for declaratory relief may be appropriate after initial discovery.  GoClear

18  also believes that a motion for preliminary injunction may be appropriate in this matter.

19         Target intends to request that the case be bifurcated so that one of Target's defenses is

20  tried before GoClear is permitted to seek discovery on its claims and to prove its case.  Target

21  purportedly acquired rights to the mark CLEAR X before this litigation was filed, but well after

22  learning of GoClear's trademarks, and contends that its rights in that mark give Target a defense

23  to GoClear's trademark infringement claims.  For this reason, Target requests that the Court

24  postpone discovery and trial on GoClear's claims until after Target has been permitted to try its

25  defense.  This piecemeal approach to this case is simply inappropriate.

26         The discovery and arguments regarding Target's priority defense are not as clear-cut as

27  Target contends.  The CLEAR X mark that Target apparently acquired has not been registered by

28

3

1   the Patent and Trademark Office, so Target faces the burden of proving that is predecessor-in-

2   interest effectively established common law trademark rights dating back more than four years

3   and that those rights have been properly maintained since that time.  Thus, Target's priority

4   defense raises issues of when and how the CLEAR X mark was used, where it was used, whether

5   it was ever abandoned, and how the mark was perceived by the public.  Depending on the result

6   of discovery, there may or may not be a dispute as to the likelihood of confusion between the

7   CLEAR X mark and GoClear's federally registered trademarks.  This, and other disputed issues,

8   may require expert testimony.

9          In addition, Target's defense also raises the issue of the validity of Target's litigation-

10  motivated acquisition of the CLEAR X mark.  Discovery regarding this issue may well overlap

11  with discovery Target argues should be postponed until some later date, leaving open the

12  possibility that GoClear will have to depose certain witnesses multiple times.

13         Moreover, Target's entire argument for bifurcation is based on the assumption that it will

14  prevail on its priority defense.  GoClear obviously disputes this and expects that the defense will

15  ultimately fail.  Under Target's proposal, however, plaintiff GoClear would be prevented from

16  beginning discovery on its affirmative claims until after defeating Target's defense sometime in

17  early 2009.  Target has not offered a schedule for the second phase of its proposed bifurcated

18  lawsuit, but GoClear's day in court would surely be postponed by many months under Target's

19  proposal.  Further, Target's challenge to GoClear's priority is a jury issue in light of GoClear's

20  prayer for damages at law, and GoClear is not willing to waive its right to a jury.  Thus,

21  bifurcation would also raise the prospect of conducting two different jury trials involving many

22  of the same witnesses and facts.

23         For all of these reasons, Target's proposal should be rejected.  If the Court is considering

24  bifurcation, however, GoClear requests that it be permitted to submit separate briefing on this

25  issue.  A case management statement is not the place for the extended legal argument that this

26  issue would require.

27

28

4

1    Target's Statement:

2        Target proposes bifurcating the case to first address the issue of priority—which, if

3    decided in Target's favor, would resolve all claims in the case—before moving on to the

4    remaining discovery- and testimony-intensive issues.  GoClear argues that Target is attempting

5    to try one of its defenses prior to GoClear's claims.  This is simply not the case.  As the plaintiff,

6    GoClear must establish both that it is the owner of valid prior rights *and* that Target is infringing

7    those rights.  If GoClear cannot establish valid *prior* rights, then the Court need not consider the

8    issue of infringement.  This is not merely Target's defense, it is an element of GoClear's

9    infringement case.  Thus, priority is a simple and case dispositive threshold issue:  if GoClear

10    cannot rely on the filing dates for its registrations as its constructive first use dates, GoClear does

11    not have any claim against Target.  GoClear does not and cannot dispute this.

12        Target believes that GoClear will not be able to rely on its constructive first use dates

13    because (1) Target has rights in the CLEAR X mark that are prior to GoClear's constructive use

14    dates for CLEARX and THE CLEAR PRESCRIPTION, marks which GoClear cannot dispute

15    are confusingly similar to CLEAR X, rendering those registrations invalid and unenforceable,

16    and (2) the THE CLEAR PRESCRIPTION mark is descriptive and therefore should not have

17    been registered on the Principal Register, rendering its registration invalid and unenforceable.  If

18    GoClear cannot rely on its filing dates for its two registrations, the Court will not need to reach

19    the issues of likelihood of confusion, Target's intent, and damages.

20        In addition to being case dispositive, priority is a relatively narrow issue with limited

21    discovery that could be tried without a jury.  Here, GoClear relies on the filing date of its

22    applications to assert priority in the CLEARX and THE CLEAR PRESCRIPTION marks while

23    Target relies on its predecessor's use of the CLEAR X mark.  Given the circumstances of this

24    case, discovery into the priority issue would be fairly limited.  Fact discovery would likely be

25    limited to Target's predecessor-in-interest's use of the CLEAR X mark and neither party would

26    be likely to rely on expert testimony or conduct time-consuming and expensive surveys on the

27    priority issue alone.  Moreover, there would be no overlap between the discovery on the priority

28

5

1    issues and discovery on the remaining issues, and no risk of multiple depositions of individual

2    witnesses.  Target's predecessor-in-interest is knowledgeable about the priority issues, while

3    Target employees are knowledgeable about the infringement, willfulness, and damages issues.

4    There is no overlap between them.

5        In contrast, both parties would need to do extensive discovery on the remaining issues in

6    the case, including discovery of facts relevant to the eight-factor *Sleekcraft* test that is central to

7    any determination of infringement, GoClear's willfulness allegations, GoClear's claim that it is

8    being irreparably harmed, and GoClear's damages claim.  This discovery will likely require

9    multiple depositions of various fact witnesses.  Further, both parties would likely want to engage

10   experts to conduct surveys (which usually require at least 45 to 60 days to plan and execute) and

11   which cost hundreds of thousands of dollars) on the issue of likelihood of confusion.

12       Contrary to GoClear's assertions, both parties are likely to save significant time and

13   expense by addressing the issue of priority before undertaking discovery on the remaining issues

14   in the case.  Moreover, because Target plans to move for summary judgment on the issue of

15   priority once discovery is completed on that issue, bifurcating the issues will likely result in a

16   significantly faster resolution of the entire case.

17       Target proposed bifurcation of the case at the Rule 26(f) conference, but GoClear did not

18   agree.  If the Court does not feel adequately briefed to resolve this issue at this point, Target

19   would like to submit to the Court a separate motion to bifurcate the case.

20   **5.    Amendment to Pleadings**

21       The parties do not currently contemplate the amendment of pleadings for any reason,

22   including to add new parties.  The parties propose that the Court set a deadline of September 26,

23   2008 for the parties to amend pleadings.

24   **6.    Evidence Preservation**

25       Each party represents that it has taken steps to preserve evidence, including electronic

26   evidence, relevant to the issues reasonably evident in this action.

27

28

6

1

**7.**  **Disclosures**

2      The parties exchanged initial Federal Rule of Civil Procedure 26(a)(1) disclosures on

3  August 1, 2008.

4

**8.**  **Discovery**

5      The parties will seek discovery on the factual and legal issues discussed above.  To date,

6  no discovery has been taken in this case.  Certain discovery was exchanged by related parties,

7  however, in a prior proceeding before the Trademark Trial and Appeal Board of the U.S. Patent

8  and Trademark Office.  The parties have agreed to list documents that were produced in that

9  prior administrative proceeding in their initial disclosures in this case.  Although the parties have

10  agreed to a date to produce documents identified in their initial disclosures, the parties have

11  agreed that they do not need to include the documents previously produced in that prior

12  administrative proceeding in their production in this case.  The documents will be treated as if

13  they were produced in this case.

14      The parties do not believe that any modification to the discovery rules and procedures in

15  the Court's Local Rules and the Federal Rules of Civil Procedure are necessary.

16      Pursuant to Federal Rule of Civil Procedure 26(f)(3), the parties agree that they will

17  produce electronically stored information in TIFF format, rendered text searchable to the extent

18  feasible through optical character recognition (OCR) or similar means, but reserve the right to

19  seek production of files in native format if reasonably necessary.

20      Discovery and disclosure deadlines are addressed in Section 17 below.

21

**9.**  **Class Actions**

22      This case is not a class action.

23

**10.**  **Related Cases**

24      There are no related cases pending in federal or state court, although the parties note that

25  the following administrative proceeding is currently pending before the Trademark Trial and

26  Appeal Board of the U.S. Patent and Trademark Office: *Target Brands, Inc. v. Alan Russ*

27  *Gottlieb*, Petition for Cancellation No. 92049255 filed on April 22, 2008.  The parties have

28

7

1    stipulated to suspend this cancellation proceeding pending the resolution of the instant case.

2    **11.    Relief**

3    Plaintiff GoClear seeks preliminary and permanent injunctive relief to prevent Target

4    from offering products or services under the CLEARRX mark and any marks confusingly similar

5    to CLEARX or THE CLEAR PRESCRIPTION, treble damages, costs, and attorneys fees.

6    Defendant Target seeks the cancellation of GoClear's federal registrations for CLEARX

7    and THE CLEAR PRESCRIPTION.

8    **12.    Settlement and ADR**

9    The parties agree that private mediation may be appropriate in this matter after certain

10   initial discovery has been completed.

11   **13.    Consent to Magistrate Judge for All Purposes**

12   The parties do not consent to have a magistrate judge conduct all further proceedings,

13   including trial and entry of judgment.

14   **14.    Other References**

15   The parties do not believe that this case is suitable for reference to binding arbitration, a

16   special master, or the Judicial Panel on Multidistrict Litigation.

17   **15.    Narrowing of Issues**

18   The parties are not presently aware of any issues that can be narrowed by agreement.

19   **16.    Expedited Schedule**

20   GoClear's Statement:

21   Plaintiff GoClear believes that this case can be handled consistent with the schedule it

22   proposes below in Section 17.  GoClear also believes, however, that this case is appropriate for

23   handling on a more expedited basis with streamlined procedures.  The factual and legal issues are

24   relatively narrow and a certain amount of relevant material has already been exchanged in

25   discovery in pending proceedings before the U.S. Patent and Trademark Office.  Target's

26   proposal to bifurcate this lawsuit, on the other hand, would likely extend the overall duration of

27   this litigation and increase the overall cost.

28

8

GoClear's proposed schedule would get this case to trial in just over thirteen months from the date the complaint was served on Target. This is an appropriate amount of time for a case of this size and complexity, particularly where relevant discovery has been exchanged in a prior proceeding. GoClear's proposed schedule would provide more than five months (from the date of the Rule 26(f) conference) for fact discovery and nearly three more months to provide expert reports and conduct expert discovery. Despite Target's arguments to the contrary, GoClear has attempted to modify its proposed schedule to address issues raised by Target, but it has done so while also attempting to preserve a schedule that will bring this matter expeditiously to trial without unnecessary, and expensive, delay.

Target's Statement:

During the Rule 26(f) conference Target proposed bifurcating the case so that the parties focus on the issue of priority before they move forward with discovery on the remaining issues in the case. Target believes that the issue of priority should be addressed in this case before any other issues, because it is a simple and case dispositive issue: If GoClear fails to establish that it has prior rights in the CLEARX and THE CLEAR PRESCRIPTION marks, the Court need not consider the remaining issues in the case. In addition to being case dispositive, priority is a relatively narrow issue with limited discovery that likely will not involve expert testimony or time-consuming and expensive surveys. By focusing on the issue of priority before discovery is permitted on the remaining issues in the case, both parties will save significant time and expense. Moreover, because Target plans to move for summary judgment on the issue of priority once discovery is completed on that issue, bifurcating the issues will likely result in a significantly faster resolution of the entire case.

Even if the case is not bifurcated, GoClear's proposed schedule is unreasonable and untenable and Target cannot agree to it. Target has expressed its concerns to GoClear, but GoClear has not been willing to modify the schedule sufficiently to address Target's concerns.

GoClear initially proposed a January 16, 2009 deadline to complete both fact and expert discovery, with the deadlines to exchange expert reports (opening and rebuttal) falling within a

9

1    three-week period in December, prior to the close of fact discovery.  When Target objected to

2    any exchange of expert reports prior to the close of fact discovery, and to GoClear's proposed

3    *three-week* period to exchange rebuttal expert reports, GoClear made minor adjustments to its

4    schedule—by *shortening* its initially proposed discovery cutoff by six weeks, and then allowing

5    two additional weeks to prepare rebuttal expert reports.

6          GoClear's schedule, however, still does not allow sufficient time for expert discovery,

7    which in a trademark matter is by definition time-intensive.  For example, the completion of a

8    reliable survey usually takes somewhere between 45 and 60 days to execute.  GoClear's schedule

9    allows only five weeks (over the end-of-the-year holidays) for experts to prepare their opening

10   reports and only five weeks for experts to prepare their rebuttal reports.  This is simply not

11   enough time if either party intends to submit survey evidence through its expert.  Moreover,

12   GoClear's shortened period for fact discovery—a period of approximately three months from the

13   Case Management Conference—does not allow ample time for the parties to take discovery on

14   the numerous issues in GoClear's case and in Target's three counterclaims.

15         Target has also repeatedly expressed its concerns that GoClear's proposal allowing only

16   two weeks for the close of expert discovery after rebuttal reports are exchanged and only ten

17   days to prepare and file dispositive motions after the close of expert discovery is too compressed.

18   Target has told GoClear that it believes a reasonable schedule is to allow four weeks for the close

19   of expert discovery after rebuttal reports are exchanged and four weeks to prepare and file

20   dispositive motions after the close of expert discovery.  GoClear has refused to adjust its

21   schedule to accommodate Target's concerns, and has provided no justification for its schedule.

22         Because GoClear has refused to adjust its schedule sufficiently to address Target's

23   concerns, particularly on the timing of the fact discovery cutoff, expert disclosures, expert

24   discovery cutoff, and the last day to file dispositive motions, Target is submitting its own

25   proposed schedule for a non-bifurcated case, working from the January 16, 2009 discovery

26   cutoff that GoClear initially proposed.  Target is also submitting a proposed schedule for a

27   bifurcated case, which anticipates a trial on the issue of priority in early February 2009.

28

                                          10

17.    **Scheduling**

GoClear's Proposed Case Schedule:

| | |
|---|---|
| Deadline to exchange Rule 26(a)(1) disclosures: | August 1, 2008 |
| Deadline to produce documents under Rule 26(a)(1): | September 15, 2008 |
| Deadline to amend pleadings: | September 26, 2008 |
| Close of fact discovery: | December 5, 2008 |
| First expert witness disclosure and reports (any expert who will testify on an issue on which the party bears the burden of proof to be disclosed by that party, along with all information required by Fed. R. Civ. Proc. 26): | January 9, 2009 |
| Second expert witness disclosure and reports (parties shall disclose any rebuttal experts to experts disclosed by opposing party, along with all information required by Fed. R. Civ. Proc. 26): | February 13, 2009 |
| Close of expert discovery: | February 27, 2009 |
| Deadline to file dispositive motions: | March 6, 2009 |
| Pretrial conference: | May 12, 2009 |
| Trial: | May 25, 2009 |

Target's Proposed Bifurcated Case Schedule with Priority Being Heard First:

| | |
|---|---|
| Deadline to exchange Rule 26(a)(1) disclosures: | August 1, 2008 |
| Deadline to produce priority-related documents under Rule 26(a)(1): | September 12, 2008 |
| Deadline to amend pleadings: | September 26, 2008 |
| Close of fact discovery on priority: | October 30, 2008 |
| Deadline to file dispositive motions on priority: | November 14, 2008 |
| Pretrial conference: | January 16, 2009 |
| Trial on priority: | February 2, 2009 |

11

Target's Proposed Case Schedule without Bifurcation:

| | |
|---|---|
| Deadline to exchange Rule 26(a)(1) disclosures: | August 1, 2008 |
| Deadline to produce documents under Rule 26(a)(1): | September 26, 2008 |
| Deadline to amend pleadings: | September 26, 2008 |
| Close of fact discovery: | January 16, 2009 |
| First expert witness disclosure and reports (any expert who will testify on an issue on which the party bears the burden of proof to be disclosed by that party, along with all information required by Fed. R. Civ. Proc. 26): | February 27, 2009 |
| Second expert witness disclosure and reports (parties shall disclose any rebuttal experts to experts disclosed by opposing party, along with all information required by Fed. R. Civ. Proc. 26): | April 30, 2009 |
| Close of expert discovery: | June 1, 2009 |
| Deadline to file dispositive motions: | June 30, 2009 |
| Pretrial conference: | September 11, 2009 |
| Trial: | September 28, 2009 |

**18.    Trial**

The parties agree that if the case is not bifurcated, it will be tried to a jury and it will last six court days.

Target expects that if the case is bifurcated, the trial on priority will be tried to the Court and will last two court days.  Target notes that GoClear indicates above that it is entitled to a jury trial on the issue of priority because its complaint includes a damages claim.  Although Target believes that this is not correct, the issue can be included in any separate briefing that the Court allows on the bifurcation issue.

**19.    Disclosure of Non-Party Interested Entities and Persons**

All parties have filed the "Certificate of Interested Entities or Persons" required by Civil Local Rule 3-16.  As set forth in its Certification, plaintiff GoClear identifies the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that (i) have a financial interest in the subject matter in

12

1  controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject

2  matter or in a party that could be substantially affected by the outcome of this proceeding:

3  Alan R Gottlieb, MD, the managing member of GoClear LLC.

4        As set forth in its Certification, Target identifies the following listed persons, associations

5  of persons, firms, partnerships, corporations (including parent corporations), or other entities that

6  (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or

7  (ii) have a non-financial interest in that subject matter or in a party that could be substantially

8  affected by the outcome of this proceeding:  Target Brands, Inc., a wholly owned subsidiary of

9  Target, is the owner of the CLEARRX and CLEAR X trademarks, and pending trademark

10 applications, and licenses use of those marks to Target.

11       **20.    Other Issues**

12       The parties do not currently have other issues to identify regarding case management.

13 Dated: August 22, 2008                    LATHAM & WATKINS LLP

14

15                                           By: ____/s/_____
                                                 James L. Day
16                                               Attorneys for Plaintiff
                                                 GOCLEAR LLC
17

18 Dated: August 22, 2008                    MORRISON & FOERSTER LLP

19

20                                           By: ____/s/_____
                                                 Jennifer Lee Taylor
21                                               Attorneys for Defendant
                                                 TARGET CORPORATION
22

23       I attest that concurrence in the filing of this document has been obtained from Jennifer

24 Lee Taylor.

25 By: ____/s/_____
      James L. Day of Latham & Watkins LLP
26    Attorneys for Plaintiff
      GOCLEAR LLC
27

28

                                      13

                            JOINT CASE MANAGEMENT STATEMENT
                            Case No. CV 08-02134 MMC