IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOCLEAR LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION,<br><br>    Defendant<br>_____/ | No. C 08-2134 MMC<br><br>**ORDER AFFORDING DEFENDANT OPPORTUNITY TO SUPPLEMENT RESPONSE TO PLAINTIFF'S ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL** |

    Before the Court is plaintiff's "Administrative Request to File Under Seal Select Exhibits to the Declaration of Tienlon Ho in Support of Plaintiff GoClear LLC's Motion for Summary Judgment," filed December 2, 2008, by which request plaintiff seeks leave to file under seal the entirety of eleven exhibits and portions of three other exhibits for the reason that defendant has designated such material as confidential.

    Under the Local Rules of this District, where a party seeks to file under seal material designated as confidential by another party, the submitting party must file a motion for a sealing order. See Civil L.R. 79-5(d). "Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." Id. "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material."

1  Id.  "A stipulation . . . will not suffice to allow the filing of documents under seal."  Id.

2  In response to the instant application, defendant relies on a declaration by its
3  counsel, who states, without elaboration, that the material plaintiff seeks to file under seal
4  "contains information propriety to [defendant]."  (See Taylor Decl. ¶ 2.)  Such conclusory
5  showing is insufficient to establish that any of the material at issue is sealable.

6  Moreover, although the Court declines to conduct an independent review of each
7  exhibit at issue, the Court notes that a cursory review of some of the exhibits indicates no
8  obvious basis for sealing.  For example, Exhibits One and Two consist of deposition
9  testimony given, in each instance, by a person who does not appear to be employed by
10 defendant, who answers questions concerning another company, and whose answers do
11 not appear to be proprietary even as to that non-party, let alone as to defendant.  (See,
12 e.g., Ho Decl. Ex. 1 at 36-37 (answering question as to type of filing system company other
13 than defendant maintains); id. Ex. 2 at 17 (stating month and year when two persons met
14 and explaining weather at such time).)  As another example, Exhibit 49 consists entirely of
15 photographs of a product apparently available for sale and, in any event, manufactured and
16 sold by an entity other than defendant.  Under such circumstances, it would appear
17 defendant's request for the sealing of the entirety of eleven exhibits and portions of three
18 other exhibits is, at a minimum, overbroad.

19 Nonetheless, the Court will afford defendant the opportunity to supplement, no later
20 than January 5, 2009, its response to plaintiff's administrative request, specifically, by
21 submitting a declaration or declarations to "establish" why each exhibit, or portions thereof,
22 is "privileged or protectable as a trade secret or otherwise entitled to protection under the
23 law," see Civil L.R. 79-5(a), or, alternatively, to withdraw, in whole or in part, its
24 designations.

25 **IT IS SO ORDERED.**

26
27 Dated: December 24, 2008

_____
MAXINE M. CHESNEY
United States District Judge

2